# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DANIEL NELSON and DIANA NELSON, )<br>   Plaintiffs, )<br> )<br> v. )<br> )<br>DIVERSIFIED LOGISTICS SERVICES, INC., )<br>LIBERTY TIRE SERVICE OF OHIO, LLC, )<br>and JORGE DIAZ, )<br>   Defendants. ) | CAUSE NO.: 2:19-CV-434-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiffs Daniel Nelson and Diana Nelson invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing their Complaint in federal court. As the party seeking federal jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiffs and Defendants, Diversified Logistics Services, Inc., Liberty Tire Service of Ohio, LLC, and Jorge Diaz, must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiffs have alleged a sufficient amount in controversy. Plaintiffs have also sufficiently alleged their own citizenship, as well as the citizenship of Defendant Jorge Diaz. However, the allegations are insufficient as to

the citizenship of Defendants Diversified Logistics Services, Inc. and Liberty Tire Service of Ohio, LLC.

The Complaint alleges that "[D]efendant Diversified Logistics Services, Inc. is a foreign corporation doing business in the State of Illinois with principle office located in Orland Park, Illinois." (Compl. ¶ 1, ECF No. 5). It further alleges that "[D]efendant Liberty Tire Service of Ohio, LLC is a foreign corporation doing business in the State of Minnesota with principle office located in Savage, Minnesota." *Id.* These allegations are insufficient for the purpose of determining citizenship.

The allegations regarding the citizenship of Defendant Liberty Tire Service of Ohio, LLC are unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. The statements regarding the citizenship of Defendant Diversified Logistics Services, Inc., while seemingly clear that it is a corporation, nonetheless fail to properly allege the citizenship of a corporation as required.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with

corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant Liberty Tire Service of Ohio, LLC is actually a limited liability company, the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must first allege whether Defendant Liberty Tire Service of Ohio, LLC is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company or another form of business entity. Plaintiffs must then sufficiently allege the citizenship of Defendants Liberty Tire Service of Ohio, LLC and Diversified Logistics Services, Inc. as outlined above. Therefore, the Court **ORDERS** Plaintiffs to **FILE**, on or before **December 4, 2019**, a supplemental jurisdictional

statement that properly alleges the citizenship of Defendants Liberty Tire Service of Ohio, LLC and Diversified Logistics Services, Inc. as stated above.

So ORDERED this 20th day of November, 2019.

                                          s/ Joshua P. Kolar
                                          MAGISTRATE JUDGE JOSHUA P. KOLAR
                                          UNITED STATES DISTRICT COURT